UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SONI B.,[1]

      **Plaintiff,**

  v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

      **Defendant.**

Case No. 1:21-cv-19309
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Soni B. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.**    **PROCEDURAL HISTORY**

On August 13, 2014, Plaintiff filed her application for benefits, alleging that she has been

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.
[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

disabled since June 1, 2006. R. 160, 169, 396–402. The application was denied initially and upon reconsideration. R. 225–29, 231–36. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 237–38. ALJ Daniel Shellhamer ("ALJ Shellhamer") held a hearing on May 18, 2017, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. R. 125–53. In a decision dated September 6, 2017, ALJ Shellhamer concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 1, 2006, Plaintiff's alleged disability onset date, through December 31, 2011, the date on which Plaintiff was last insured. R. 173–83 ("the 2017 decision"). The Appeals Council vacated and remanded the 2017 decision on October 23, 2018. R. 189–93.

Following remand, ALJ Shellhamer held hearings on April 8 and September 3, 2019; at both hearings Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. R. 58–124. In a decision dated October 31, 2019, ALJ Shellhamer concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 1, 2006, the alleged disability onset date, through December 31, 2011, the date on which Plaintiff was last insured. R. 197–206 ("the 2019 decision"). The Appeals Council again vacated and remanded the 2019 decision on September 4, 2020, and directed that the case be assigned to a different ALJ. R. 214–20.

On this second remand, ALJ Nicholas Cerulli ("ALJ Cerulli"), held a hearing on January 11, 2021, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. R. 32–57. In a decision dated February 1, 2021, ALJ Cerulli concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 1, 2006, Plaintiff's alleged disability onset date, through December 31, 2011, the date on which Plaintiff was last insured. R. 12–22 ("the 2021 decision"). That decision became the final decision of the

Acting Commissioner of Social Security when the Appeals Council declined review on September 7, 2021. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On May 3, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 14.[3] On that same day, the case was reassigned to the undersigned. ECF No. 15. The matter is ripe for disposition.

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009)

---

[3] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

(citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of*

4

*Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ's decision must thus be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict."  *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review."  *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected."  *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice."  *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

5

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). However, a judicial decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

**B.  Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

6

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.  THE 2021 DECISION AND APPELLATE ISSUES

Plaintiff was 41 years old on June 1, 2006, her alleged disability onset date. R. 20. At step one, ALJ Cerulli found that Plaintiff had not engaged in substantial gainful activity between that date and December 31, 2011, the date on which Plaintiff was last insured for disability insurance benefits. R. 15.

At step two, ALJ Cerulli found that Plaintiff's degenerative disc disease, lumbar radiculopathy, and obesity were severe impairments. R. 15. The ALJ also found that Plaintiff's status post rotator cuff surgery (right shoulder) was not severe and that Plaintiff had no medically determinable mental impairment. *Id*.

At step three, ALJ Cerulli found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 16.

At step four, ALJ Cerulli found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 16–20. ALJ Cerulli also found that this RFC did not permit the performance of Plaintiff's past relevant work as a sales clerk, cashier/checker, stock clerk – retail, and inventory clerk. R. 20.

At step five and relying on the testimony of the vocational expert, ALJ Cerulli found that a significant number of jobs—*e.g.,* jobs as a document preparer, an addresser, and a call out operator—existed in the national economy and could be performed by Plaintiff despite her lessened capacity. R. 21. ALJ Cerulli therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 1, 2006, her alleged disability onset date, through December 31, 2011, the date on which she was last insured. R. 22.

Plaintiff disagrees with the ALJ's findings at step four and also challenges the constitutionality of the appointment of the Commissioner; she asks that the decision of the

8

Acting Commissioner be reversed or, alternatively, reversed and remanded for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 13; *Plaintiff's Reply Brief*, ECF No. 17. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because ALJ Cerulli's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 16.

## IV.   DISCUSSION

Plaintiff argues, *inter alia*, that ALJ Cerulli erred at step two of the sequential evaluation when he determined that Plaintiff did not have a medically determinable mental impairment, contending that the evidence of record establishes that Plaintiff suffered from depression prior to the date on which she was last insured. *Plaintiff's Memorandum of Law*, ECF No. 13, pp. 17–18; *Plaintiff's Reply Brief*, ECF No. 17, pp. 6–9. Plaintiff goes on to argue that ALJ Cerulli also erred by failing to perform a Psychiatric Review Technique ("PRT") assessment and that the errors in this regard led to a flawed RFC. *Id.* This Court agrees.

At step two of the sequential evaluation, an ALJ determines whether the claimant has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). "The step-two inquiry is a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (citations omitted). Ordinarily, "[s]o long as the ALJ rules in Plaintiff's favor by finding that any single impairment meets the severity threshold required at step two, any error the ALJ made in this determination was harmless." *Auriemma v. Colvin*, No. 13-5947, 2015 WL 5097902, at *6 (D.N.J. Aug. 31, 2015) (citing *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [Plaintiff]'s

9

favor at Step Two, even if he had erroneously concluded that some of h[is] other impairments were non-severe, any error was harmless."); *see also Hicks v. Colvin*, No. 2:15-cv-07221, 2016 WL 8674251, at *8 (D.N.J. Oct. 14, 2016) ("Even if the ALJ had in fact erred with respect to one of the impairments that she found to be non-severe, such error would be harmless since she found other impairments to be severe, engaged in the full five-step evaluation, and accounted for related possible limitations in her RFC finding.").

In the case presently before the Court, ALJ Cerulli decided in Plaintiff's favor at step two, characterizing her degenerative disc disease, lumbar radiculopathy, and obesity as severe impairments. R. 15. ALJ Cerulli also found, *inter alia*, that Plaintiff had no medically determinable mental impairment, reasoning as follows:

> The claimant has no medically determinable mental impairment. In her application, the claimant did not allege that she had depression or any mental condition (Exhibit 3E). There are a few references in the record about complaints of depression (Exhibit 8F at 11), but there is no evidence of any mental health treatment in the record before the date last inured of December 31, 2011. Accordingly, the undersigned finds that claimant has no medically determinable mental impairment.

*Id*.

Plaintiff disagrees with this finding, arguing that record evidence establishes that Plaintiff suffered from the medically determinable impairment of depression prior to the date on which she was last insured and that ALJ Cerulli erred by failing to perform a PRT, as Plaintiff had requested. *Plaintiff's Memorandum of Law*, ECF No. 13, pp. 17–18 (citations omitted); *Plaintiff's Reply Brief*, ECF No. 17, pp. 6–9 (citations omitted). Plaintiff further argues that her depression causes limitations within the broad areas of functioning that ALJ Cerulli failed to consider, leading to a flawed RFC. *Id*. For her part, the Acting Commissioner argues that a diagnosis alone is insufficient to prove disability and that Plaintiff has failed to prove any functional mental limitations. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 16, p.

10

22. According to the Acting Commissioner, ALJ Cerulli reasonably concluded that Plaintiff did not have a medically determinable mental impairment where Plaintiff did not identify depression or any other mental impairment when she applied for DIB, where the record contains only a few complaints of depression, and where Plaintiff had no mental health treatment during the relevant period. *Id*. at 22–23. Because there was no medically determinable mental impairment, the Acting Commissioner argues, ALJ Cerulli did not err by failing to conduct a PRT. *Id*. In reply, Plaintiff contends that ALJ Cerulli's limited discussion and lack of reference to specific evidence precludes meaningful judicial review. *Plaintiff's Reply Brief*, ECF No. 17, pp. 6–7. Plaintiff insists that her depression causes significant limitations and that the ALJ's failure to properly assess her mental limitations constitutes harmful error, justifying remand. *Id*. at 7–8.

The Court agrees with Plaintiff that this issue requires remand. "Generally, an error at step two is harmless because it is a threshold test. . . . As long as one impairment is found to be severe, all medically determinable impairments are considered at subsequent steps, including non-severe impairments." *Herring v. Colvin*, 181 F. Supp. 3d 258, 276–77 (M.D. Pa. 2014) (citations omitted); *see also Swaney v. Saul*, No. CV 18-1530, 2020 WL 529602, at *2 (W.D. Pa. Feb. 3, 2020) ("Rather, the ALJ proceeds beyond step two and, in so doing, an ALJ makes an RFC determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's [RFC]."); *Taylor*, 2018 WL 2298358, at *8. "However, an error [at step two] can harm the claimant if an impairment is improperly found to be not medically determinable or when non-severe impairments are not considered at later steps." *Herring*, 181 F. Supp. 3d at 277.

In the present case, ALJ Cerulli acknowledged at step two that "[t]here are a few

references in the record about *complaints* of depression." R. 15 (citing Exhibit 8F at 22, R. 595) (emphasis added). However, the ALJ ultimately determined that Plaintiff had no medically determinable mental impairment because Plaintiff had not included depression, or indeed any mental impairment, in her application for benefits and there was no evidence of any mental health treatment in the record prior to the date on which she was last insured for benefits. *Id*. ALJ Cerulli did acknowledge some references in the record to a mental impairment, but he mischaracterized those references as merely "complaints" of depression. *Id.* Instead, however, the records of Plaintiff's treating physician, Marianne Sturr, D.O., include four separate diagnoses of "Depression/anxiety." R. 572 (September 4, 2008), 576 (May 15, 2008), 577 (April 17, 2008), 583 (March 13, 2008). Under these circumstances, the ALJ's mischaracterization of the evidence in this regard does not provide substantial support for his finding that Plaintiff does not suffer a medically determinable mental impairment. *Cf. Murphy v. Comm'r of Soc. Sec.*, No. 1:19-CV-20122, 2020 WL 7022746, at *6 (D.N.J. Nov. 30, 2020) ("The ALJ's reliance on this misconception, along with other unsupported mischaracterizations of Plaintiff's physical abilities . . . permeates the ALJ's decision. As stated above, these errors cannot be separated from the ALJ's analysis of other record evidence such that the Court may determine whether substantial evidence supports the ALJ's RFC analysis.").

  Moreover, the Court cannot conclude that ALJ Cerulli's error in this regard is harmless because it permeated the remainder of his decision. ALJ Cerulli "effectively screened out of the analysis [Plaintiff's mental impairment] at step two. As a result, the potential effect of the [mental] impairments, alone or in combination with each other and the [physical] impairments, was not analyzed at step three or subsequently." *Melendez v. Colvin*, No. CV 15 -3209, 2016 WL 4718946, at *4 (D.N.J. Sept. 8, 2016); *see also Taylor v. Comm'r of Soc. Sec.*, 2018 WL

2298358, at *4, 9 (D. N.J. May 21, 2018) (remanding where the ALJ effectively "'screened out' of the remaining disability evaluation process at Step Two all of Plaintiff's mental impairments"). At step four, ALJ Cerulli's RFC finding did not include any limitation in the areas of social interaction, concentration, persistence or pace, or adaptation. Rather, the ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work, "except occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and frequent exposure to hazards such as unprotected heights and moving machinery." R. 16. Thus, the Court finds that the decision of the Acting Commissioner, which is based at least in part on a mischaracterization of the evidence of record, is not supported by substantial evidence. The Court therefore concludes that the decision of the Acting Commissioner must be reversed.

In reaching this conclusion, however, the Court also concludes that the matter must be remanded for further consideration by the Commissioner, rather than for the grant of benefits. Although Plaintiff filed her application for benefits years ago, and an order of remand for further proceedings will necessarily result in yet further delay, an award of benefits by this Court would require improper fact-finding by this Court, an effort in which this Court is unwilling to engage. *See Smith v. Berryhill*, 587 U.S. ----, ----, 139 S. Ct. 1765, 1780 (2019). Moreover, remand is appropriate even if, upon further consideration of evidence relating to Plaintiff's claimed depression at step two and at subsequent steps of the sequential evaluation, including in connection with the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate

explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").[4]

## V.     CONCLUSION

Accordingly, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  October 31, 2023                              *s/Norah McCann King*
                                                     NORAH McCANN KING
                                                     UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff asserts other errors in the Acting Commissioner's decision. Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's depression at step two and at subsequent steps of the sequential evaluation, the Court does not consider those claims. However, the Court notes that it would be helpful, in light of the facts of this particular case, for the ALJ to address on remand the effect, if any, that Plaintiff's frequent medical appointments had on her ability to work on a regular and continuing basis.