UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**SONI BROOKS,**

       **Plaintiff,**

  v.

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

       **Defendant.**

Case No. 1:21-cv-19309
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in the amount of $ 37,673.50. (ECF No. 26) The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $ 9,000.00 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (ECF No. 28) For the reasons that follow, Plaintiff's motion is granted.

**I.    STANDARD**

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel

1

was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II.     PROCEDURAL HISTORY

Plaintiff filed her application for Disability Insurance Benefits (DIB), alleging disability since June 1, 2006, in August 2014. (R. 225-29, 231-36) A number of administrative hearings were held before an Administrative Law Judge ("ALJ"), resulting in two (2) remands by the Appeals Council.  (R. 189-93, 214-20) Yet another administrative was held, before a different ALJ who concluded in February 2021 that Plaintiff was not disabled from her alleged disability onset date through December 31, 2011, the date on which her insured status for DIB lapsed. (R. 12-22) An appeal from that decision was filed in this Court, and counsel filed a Statement of Contentions (ECF No. 9), a lengthy Plaintiff's Brief (ECF No. 13), and a Reply. (ECF No. 17) On October 31, 2023, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. (Opinion and Order, ECF No. 18) Final Judgment was entered that same day. (Final Judgment, ECF No. 19) This Court thereafter accepted the parties' stipulation and awarded Plaintiff an attorney's fee under the EAJA in the amount of $ 9,000.00. (ECF No. 22)

On remand from this Court, Plaintiff was found to be entitled to benefits beginning in August 2013. (ECF No. 26-1, PageID# 2139-43) Twenty-five percent of Plaintiff's past-due benefits, $ 37,673.50, has been withheld for payment to her representative. (*Id*. at PageID# 2141)

**III.     DISCUSSION**

Taking into account the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court observes that Plaintiff's counsel is highly skilled, with substantial prior experience before this Court in this area of the law. Moreover, counsel's representation of Plaintiff before this Court was of the highest caliber and, as noted, resulted in the reversal of the Commissioner's decision and an order of remand. The favorable result that Plaintiff ultimately realized is a testament to her counsel's competence and efforts. Furthermore, years had elapsed between the time that Plaintiff filed her application and the award of benefits—delay that burdened her counsel as well as Plaintiff—and there is no indication that this delay was caused by Plaintiff's counsel. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at *1.

The statute requires that the award under § 406(b) be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. Plaintiff's counsel itemizes a total of 47.8 hours of attorney time expended on Plaintiff's behalf before this Court, (ECF No. 26, PageID# 2130) and seeks a fee award of $ 37,673.50, which results in an imputed effective hourly rate of approximately $ 788.15 per hour. That rate falls well within the range of fees approved in this District. *See, e.g., Kathleen G. v. Comm'r of Soc. Sec.,* No. 17-5413 (RMB), 2025 WL 1456784, at *2 (D.N.J. May 21, 2025) (approving a fee with imputed rate of $ 1,043.02 per hour); *Wells v. Comm'r of Soc. Sec.*, No. 1:20-cv-10259-NLH, 2024 WL 447768, at *1-2 (D.N.J. Feb. 6, 2024) ($ 1,056.34 per hour). This Court therefore concludes that the award sought in this case is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

## IV. CONCLUSION

Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 26) is **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 37,673.50, which is not more than 25% of the past due benefits awarded to Plaintiff, be remitted to **Lauren S. Tovinsky, Esq.** Upon receipt of this fee and if counsel has not yet done so, counsel for Plaintiff is **DIRECTED** to remit to Plaintiff the previously awarded EAJA fee in the amount of $ 9,000.00.

November 12, 2025  *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge